JAMES A. FILLEY et al., complainants,

*v.*

EDWIN S. FOWNES et al., defendants.

[Argued March 12th, 1913. Decided June 18th, 1913.]

In the absence of some recognized equitable ground for relief, a deed of trust, properly executed, and understood by the parties, in which the grantees have an interest, will be enforced.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. John J. Crandall,* for the complainants.

*Messrs. Vroom, Dickinson & Scammell,* for the defendants.

The opinion of the court was delivered by

MINTURN, J.

The bill was filed to compel the defendants, the daughter and son-in-law of complainants, to account for a trust estate conveyed to them by complainants, and to compel a reconveyance of the properties so conveyed in trust.

Vice-Chancellor Leaming dismissed the bill with certain qualifications and conditions, which he considered requisite to ensure to the complainants an intelligent understanding and protection of their rights, during the continuance of the trust. The trust was created by the complainants, an aged couple, and consisted of a conveyance of various properties in this state and in Pennsylvania, to their daughter, Caroline A. Fownes, for the purpose of protecting the complainants against their own improvidence, as well as for protecting certain interests of Mrs. Fownes therein.

The vice-chancellor, after hearing the testimony, found that the trust had been fairly administered, and except for the purpose of assuring the complainants in the future administration of the estate, by substituting a trust company of this state, as trustee in the place of Mrs. Fownes, who was a resident of Pennsylvania, the deed of trust was upheld.

Our examination of the testimony and the record leads us to concur in the view of the learned vice-chancellor, that the trust created by these complainants was irrevocable; that the terms of the trust were declared in the written document creating it; that the trust thus created was sufficiently manifested to comply with the requirements of the statute of frauds; and that the complainants in creating it were fully cognizant of its purpose and effect; and were properly advised as to their legal rights under it.

We find in the case no evidence of fraud or of undue influence, and under such circumstances, the equitable rule is clear that where a voluntary trust is created for the benefit wholly or partly of a person other than the grantor creating it, and the relation of trustee and *cestui que trust* is thus established, it will be enforced. *Perry on Trusts 130; Crue* v. *Caldwell, 52 N. J. Law* (*23 Vr.*) *215.*

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER —14.

*For reversal*—None.