This is a bill for construction of a trust deed and accompanying documents, as to whether it is revocable.
Joseph Bamford, on February 7th, 1925, assigned, transferred and set over unto The Hamilton Trust Company of Paterson, and Walter Bamford, by an instrument in writing, to which instrument there was annexed a schedule of the securities, upon trust, certain securities, c.:
"To invest, reinvest and keep invested the same, and to receive the issues, interest, income and dividends from time to time arising therefrom, and to pay the income thereof quarterly to me, the said Joseph Bamford, during the term of my natural life, and after my death to transfer the said securities and investments to my trustees named in my last will and testament bearing even date herewith, a true copy of which is hereunto annexed and hereby made a part hereof to be administered by my said trustees named in said will, in accordance and in conformity with the provisions thereof."
Full power, by this instrument, was given to the trustees to invest and reinvest, without regard to the limitation of the classes of investment to which, by the statutes of New Jersey, an executor, guardian or trustee may be confined.
There was not only the absence in the instrument of any power of revocation, but likewise the absence of any control by the settlor in any manner, shape or form, after the creation of the trust. *Page 456 
The grant to the trustees was absolute so far as control was concerned.
The copy of the will annexed to the trust instrument disposed of the settlor's entire estate.
It gave to the wife the settlor's real estate and certain specific personal property, and to a daughter, Victoria Irving, $1,000.
It then gave all the rest of the settlor's personal estate to The Hamilton Trust Company of Paterson, and Walter Bamford, the same trustees named in the assignment in trust, upon trust to invest, reinvest, c., and to pay the income quarterly to the settlor's wife, Louise Bamford, during the term of her natural life; after the death of the wife, to pay the income quarterly to the daughter, Victoria Irving, if living, during the term of her life; after the death of the daughter, Victoria Irving, to apply the income in such amounts as the trustees might deem necessary to the support, maintenance and education of the child or children, if any, of the said Victoria Irving as shall still remain under the age of twenty-one years; to pay the corpus of the residuary personal estate to the child, or, in equal shares, to the children of the said Victoria Irving, as they respectively attained the age of twenty-one years; in case the daughter, Victoria Irving, should die without leaving any child or children, then, upon the death of Victoria Irving, "to pay thecorpus of my said residuary personal estate to those at that time answering the description of my next of kin under the statute of distribution then in force in the State of New Jersey;" in case of the death of Victoria Irving, the daughter, before the death of the wife, Louise Bamford, leaving a child or children her surviving, also surviving the said Louise Bamford, then, upon the death of the wife, Louise Bamford, the corpus of the residuary personal estate to be paid to such child, or in equal shares to such children of the said Victoria Irving surviving the wife as each arrives at the age of twenty-one years; and until so arriving at the age of twenty-one years, the income of the said residuary personal estate to be applied, after the death of the wife, to the support, maintenance and education *Page 457 
of the said child or children; if the daughter, Victoria Irving, shall predecease the wife, Louise Bamford, leaving no child or children her surviving, or no child or children surviving the said wife, then, upon the death of the said wife, Louise Bamford, the corpus of the residuary personal estate goes "to those at that time answering the description of my next of kin under the statute of distribution then in force in the State of New Jersey."
If the distribution of the securities delivered to The Hamilton Trust Company and Walter Bamford, as trustees under the trust instrument, is to be controlled by the copy of the will of Joseph Bamford annexed to and made a part of the trust instrument, they fall in the settlor's residuary personal estate.
Walter Bamford died June 13th, 1926, and since that time The Hamilton Trust Company has been acting as sole trustee.
The settlor, Joseph Bamford, on March 8th, 1926, made a last will and testament, which has since been probated, giving to the daughter, Victoria Irving, the sum of $1,000, and giving all the rest of his estate, real and personal, to his wife, Louise Bamford.
Paragraph 4 of that will reads:
"4. I hereby revoke and make null and void any and all former wills by me made, including the will made by me bearing date February 7th, 1925."
(Which is the will, a copy of which is annexed to, and made a part of the trust instrument.)
Walter Bamford had three children: Walter E. Bamford, Grace H. Johnson and Joseph C. Bamford; and, if the disposition of the securities delivered to The Hamilton Trust Company, under the trust agreement, is to be controlled by that instrument, taking as a part of it the copy of the will annexed to it, and by its terms expressly made a part of it, upon the death of Victoria Irving without child or children her surviving, if that death should now occur, they would take, upon the death of Louise Bamford, widow of the creator of the trust, if their personnel then remained unchanged, the *Page 458 
securities, as at this time they come within the designation of "those at that time answering the description of my next of kin under the statute of distribution then in force in the State of New Jersey."
Both Victoria Irving, the daughter of the settlor, and his wife, Louise Bamford, are living.
Notwithstanding the interest of the daughter, Victoria Irving, in her own right, and in the right of her unborn children, in the securities delivered in trust by the settlor to The Hamilton Trust Company, under the instrument of trust, hereto referred to, if their disposition is to be controlled by the trust instrument and the absence of any interest in her, or of her unborn children, in such securities, if their disposition is to be controlled by the latter will, she has joined with her mother, who is, in effect, the sole beneficiary under the later will, in contending that the later will controls.
The question for determination is extremely narrow: Is the copy of the will annexed to the trust instrument to be considered, not as a will, but as an instrument in writing, and part of the trust instrument? For if that is the way in which the trust instrument is to be read, it is irrevocable, and the revocation of the will, as such, could not, in any respect, alter the trust instrument which had incorporated in it, not the will as such, but a copy of the will expressly made a part of the trust instrument.
"If a trust has been once perfectly created, with an intelligent comprehension of the nature of the act, it is irrevocable, even though it be voluntary; and the subsequent acts of the settlor or the trustee cannot affect it." Bill v.Cureton (England), 2 Myl. and K. 503; Rycroft v. Christy,3 Beav. 238.
And —
"When a deed conveys lands upon such trusts as are declared in a will already made, neither the deed nor the will is revocable in the absence of a power of revocation, for the trust arises by the deed. But when lands are conveyed upon trusts to be afterwards declared by will or deed, if the declaration is by will then the will may be revoked and new trusts declared; but if the power is executed by deed it is irrevocable in the absence of an express authority to revoke. *Page 459 
"The omission of a power of revocation in a voluntary settlement has sometimes been considered as a circumstance of suspicion; while at one time its absence was regarded as conclusive against the application of the settlor to revoke. But the modern and better rule is that the absence of the power even in a voluntary settlement is only a circumstance to be taken into account, and is entitled to more or less weight, according to the presence or absence of other circumstances in the case.
"Equity may relieve against the omission where the omission is due to fraud, or where the settlement was inadvised or improvident, or contrary to the settlor's intention; but this will be done only on the application of the settlor himself to the extent that it has not been acted upon in good faith, and so far as the parties may be placed in statu quo." 28 Am. Eng.Encycl. L. (2d ed.) 899, 900.
The case of the Mayor and City Council of Baltimore v.Nathaniel Williams and Joseph B. Williams, 6 Md. 235, is apropos to the instant case. In that case it was decided that:
"Where a deed conveys land in trust for such uses and trusts as are contained in a will already executed, and contains no power of revocation, the property passes under the deed, and the uses and trusts taking effect by virtue of the deed.
"Where a deed conveys land in trust for such uses as are declared or set out in a will already made, neither the deed nor the will is revocable, if no power of revocation is reserved in the deed.
"Where the deed refers to the will, and the will has limited the estate it is as if all the limitations had been comprised in the deed.
"But where a deed conveys lands in trust for such uses as the grantor may afterwards appoint by will or deed, and the appointment be made by will, it may be revoked and new uses declared; but if made by deed it cannot be revoked, if the deed executing the power reserves no authority to revoke.
"A deed conveying lands in trust for such uses as are declared and set out in a will already made, and reserving to the grantor a life interest in the property, but containing no power of revocation, is not a testamentary paper."
I am inclined to the view that the deed of trust is irrevocable and that the complainant must be directed to hold the securities for the uses and purposes, and for the benefit of *Page 460 
those designated in the paper-writing, which is referred to in the deed of trust as "my last will and testament, bearing even date herewith, a true copy of which is hereunto annexed and hereby made a part hereof," notwithstanding the revocation of that paper as a will by a later will, and the subsequent probate thereof.
There have been many decisions in New Jersey on this question, amongst which are the following: Garnsey v. Munday, 24 N.J. Eq. 243; Hutchinson v. Tindall, 3 N.J. Eq. 357; Isham v.Delaware, Lackawanna and Western Railroad Co., 11 N.J. Eq. 227;Gulick v. Gulick, 39 N.J. Eq. 401; Beekman v. Hendrickson,21 Atl. Rep. 567; Filley v. Fownes, 81 N.J. Eq. 498; New JerseyTitle Guaranty and Trust Co. v. Parker, 84 N.J. Eq. 351
(affirmed).
I shall advise a decree in accordance with these views.