## Myers's Estate.

Argued November 29, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

**582**

[redacted]

*H. Horace Dawson,* with him *Wm. M. Boenning,* Special Deputy Attorney General, *Herman J. Goldberg,* Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellant.—When policies of life insurance are made payable to trustees, in order to receive the benefit of the exemption provided for in the Act of 1929 there must be a designation of the beneficiaries who are to receive the fund, and that designation must be made in the lifetime of the insured.

The only purpose of the deed of trust was to evade inheritance taxes: Hawley's Est., 214 Pa. 525; Reish v. Com., 106 Pa. 521.

The settlor retained complete title and control—no other interest, vested or contingent, arose until his death: Dolan's Est., 279 Pa. 582; Logan's Est., 99 Pa. Superior Ct. 432; Barber's Est., 304 Pa. 235.

*Louis A. J. Robbins,* for appellee.—Since there is no blending of the estates which would support a contrary intention, the deed of trust, taken together with the will, is an agreement complete in its terms.

The deed of trust is not testamentary: Dolan's Est., 279 Pa. 582; Logan's Est., 99 Pa. Superior Ct. 433.

The purpose of the trust was not to evade but to avoid the tax, which is proper: Beirne v. Trust Co., 307 Pa. 570.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1933:

The court below held the proceeds of certain life insurance policies taken out by Max Myers not liable to a transfer inheritance tax. The Commonwealth appeals.

To reach a decision on the point in controversy, we are required to construe certain provisions of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended by the Act of March 28, 1929, P. L. 118. Section 1 of the act imposes a tax upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, and subsection (c) provides in part that the tax shall be levied when the transfer is by deed, grant or gift intended to take effect at or after the death of the grantor or donor. The amendment of 1929 adds this exemption to subsection (d) : "The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein, and held, managed, and distributed by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section."

On September 16, 1930, the deceased executed a trust of six insurance policies on his life aggregating in value $22,021.21. On the same day he made his will. He died eight days later. The deed of trust recites that it was made for the purpose of settling and securing the proceeds of the policies and provides that the trustees shall pay over the income therefrom and the principal in accordance with the provisions set forth in the settlor's will. The trustees named in the deed and in the will are the same. Following the execution of the deed of trust, the trustees were named as beneficiaries in all the policies. The right to change beneficiaries was reserved to the insured in the policies. Originally the estate of the

insured had been designated as beneficiary in most of them.

The settlor reserved to himself the right to change beneficiaries, to obtain and receive advances or loans, to collect and receive or otherwise to dispose of all distributive shares of surplus or dividends of the policies, to collect and receive all other cash payments from the policies, to surrender the policies at any time for their cash surrender value, upon maturity of any of the policies to collect the proceeds free and clear of all trusts, to add to the principal, to revoke, alter, and change the deed and all and any of its uses and trusts and powers, and to declare new uses and trusts, whereupon the trustees were to release all right, title and interest in the policies, so that they should thereafter be held by the settlor, free, clear and discharged of all trusts created. It is difficult to conceive of a trust more elastic than is this one so far as the settlor is concerned, or where the settlor has more complete dominion over the property composing it than he here reserved to himself. In his will, after directing payment of debts, and providing for certain specific legacies, the deceased gave the residue of his estate to his executors in trust for sisters, nephews and nieces. The will made no reference to the life insurance trust.

Such an arrangement is not at all contemplated by the amendment of 1929. It had in view, as its terms indicate, trusts of insurance policies in which the beneficiaries of the trust are named in the trust agreement. In the language of the act where "the proceeds of policies ......[are] held......by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates *as may have been prescribed by the insured under agreement with such trustee.*" Only where the trust instrument is complete in itself by naming the beneficiaries of the proceeds of the policies is the fund realized from the policies free of tax. Here the fund passes not under the trust agreement, but under

the will just as it would have passed had the policies been payable to the estate of the deceased. Policies so payable are not exempt from the tax. The designation of the actual beneficiaries who are to receive the fund must be made in the lifetime of the insured and in the trust instrument in order to bring the transaction within the terms of the Act of 1929.

It is clear to us that the purpose of the deed of trust was to evade payment of inheritance taxes. No beneficiaries were named therein. The settlor intended to control disposition of the insurance money by his will, just as he would have if the policies had been payable to his estate instead of to his trustees. "No mere device intended to evade the payment of tax due the Commonwealth can be effective. Courts look beyond the form of any arrangement by which the Commonwealth is deprived of a tax to its substance to ascertain its real purpose:" Hawley's Est., 214 Pa. 525, 527. What was said by Mr. Justice KEPHART, speaking for the court in Dolan's Est., 279 Pa. 582, 588, is pertinent here: "When a transfer is made or intended to take effect either in possession or enjoyment after death, and the settlor or grantor retains a grasp of the entire estate as long as he lives, it cannot be said possession and enjoyment in the beneficiary takes effect prior to death; under such circumstances the Commonwealth is entitled to a tax on the transfer." See also to the same effect Barber's Est., 304 Pa. 235, 241. In the instant case, the settlor retained complete title and control. No other interest than his, vested or contingent, arose until his death. The deed of trust accomplished nothing in respect to disposition of the proceeds of the policies. This failure resulted not from any fortuitous events over which the settlor had no control, but from the clear intent of the language of the deed itself, and of the testator's will. The deed created no interest; it named no beneficiaries. It was incomplete and meaningless. It transferred no property to anyone; it divested the settlor of no bene-

ficial interest whatever. Distribution of the principal was expressly made dependent on the terms of testator's will; nothing could pass to beneficiaries except in that manner. It was not even necessary for him to amend or revoke the trust or any part of it in order to control its ultimate disposition. He could do that by his will.

It is argued by appellees that the direction in the deed of trust to pay over and distribute the principal of the trust in accordance with the provisions of the will is equivalent to a reservation of a power to appoint the ultimate recipients of the proceeds of the policies by will; that this power was exercised in the residuary clause of the will, and that the appointed property was not so blended with testator's individual estate as to be taxable, but passed *under the deed of trust* to beneficiaries named in the will. We do not so construe the writings. Such a contention cannot prevail when the language and purpose of the Act of 1929 are taken into account.

The decree is reversed, with directions to the court below to award to the Commonwealth the tax claimed. Costs are to be paid out of the estate.