## Baird's Estate

*Charles W. Schneider*, for appellant.
*Franklin B. Hosbach*, for Commonwealth.

WAITE, P. J., May 1, 1940.—This matter is before the court on appeal by the estate from the inheritance tax imposed by the Commonwealth. Two questions are involved: First, are the proceeds of life insurance policies payable (1) to "beneficiaries named in the policies", or (2) to a person designated therein who although not specifically called "trustee" is so, in fact, under a valid parol trust, subject to assessment for inheritance tax purposes as a part of the decedent's estate; and second, should the allowable deduction for a marker at decedent's grave be limited to $50 on an estate amounting to $4,992.42 (exclusive of $7,200 life insurance) where the amount actually expended for the marker amounts to $110? In our opinion both of these questions must be answered in the negative.

That contracts of life insurance are favored by the public policy of this Commonwealth is shown both by the tax statutes and by the construction of the courts. See Ficker's Estate, 24 D. & C. 501, and 2 Bogert on Trusts, sec. 283, p. 959.

Decedent died September 28, 1939, leaving a last will and testament executed August 20, 1932. At the time of his death and for many years prior thereto, he carried life insurance aggregating $7,200. This amount was erroneously embraced in the will and included in the inventory filed. The rules of the various companies prohibited a change of beneficiaries except by designation on the records of the company, made upon written application of the insured. Prior to 1929, testator's wife, who died in that year, was the designated beneficiary in the policies. After her death, the beneficiaries were variously changed at successive times to his three children, who alone survived him, share and share alike, to the Second National Bank as trustee, and ultimately to his daughter Margaret E. Schweinhardt, the executrix named in the will. Prior to the time that the latter was designated beneficiary, she was orally directed by testator, and agreed, to hold the proceeds of the policies in trust for

the benefit of herself and the two other children, share and share alike. The motive for this arrangement seems to have been testator's lack of confidence in the ability of his son, Eugene Baird, prudently to handle his share of the insurance proceeds. The share of the daughter Louise was also included in the trust, apparently to spare the son the embarrassment of being singled out for special treatment. The daughter Margaret was given power, however, under the oral trust agreement to administer and expend the fund for the benefit of her sister and brother in whatever manner her best judgment should dictate. There being no real estate involved, this trust was not violative of the statute of frauds and constitutes a valid trust agreement as to the distribution of the proceeds of these policies of insurance.

On August 20, 1932, decedent made his last will in which he devised to Esther Schweinhardt (who is the same person as Margaret E. Schweinhardt) his entire estate in trust for ten years, the beneficiaries of the trust being herself and her brother Eugene and sister Louise. In clause (b) of paragraph III of the will, he directed her, as executor and trustee, "to invest the proceeds of my life insurance and any cash on hand in one or more of the classes of securities mentioned in paragraph (a) 1 of section 41 of the Fiduciaries Act of June 7, 1917, P. L. 447, and divide any net income therefrom, and from any other investments, stocks, bonds, and other securities I may have at the time of my death, equally between herself and my said son Eugene and daughter Louise, subject to the payments hereinafter specified". In appraising the estate, the Commonwealth assessed the $7,200, the proceeds of the insurance policies, for inheritance tax. In our opinion, this is violative of subsection (d) of section 1 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended March 28, 1929, P. L. 118, and June 22, 1931, P. L. 690, which provides as follows:

"The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether

paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein, and held, managed, and distributed by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section . . .".

To come within this statute exempting the proceeds of life insurance policies from the inheritance tax law, the proceeds of such policies must be payable "otherwise than to the estate of the insured", and such proceeds must be payable to either of two designated classes: (1) "directly by the insurer to beneficiaries designated in the policies;" or (2) "to a trustee designated therein . . .".

Margaret E. Schweinhardt is the named beneficiary in the several policies and although she is not therein designated as "trustee" she was, nevertheless, the actual trustee of this fund, having been so appointed by the oral agreement above referred to between her and her father subsequent to being named as benficiary in the policies and prior to the execution of the will. Because of that trust agreement, decedent could not make a valid testamentary disposition of the proceeds of these policies and the above clause of the will is without effect, except as a corroboration of the daughter's testimony as to the existence of the oral trust agreement. Moreover, testator could not, in this manner, make any change of beneficiary under the terms of the policies themselves since that would be violative of the provisions of the constitutions and bylaws of the several insurance companies. See Stoll et al. v. Boyle, 116 Pa. Superior Ct. 64. In our opinion, the proceeds of the policies of insurance in the instant case are clearly within the exemption contemplated by the above-quoted subsection (d) of section 1 of the Transfer Inheritance Tax Act, supra. As we have already stated in this case, the trust was created during the lifetime of the beneficiary and prior to the execution of the will.

The proceeds of these policies were payable otherwise than to the estate of the insured and were payable by the insurer and, as a matter of fact, were paid to the first of the two alternative classes named, to wit, a "beneficiary named in the policy", and, therefore, come within the very words of the statute exempting such proceeds from the transfer inheritance tax. The fact that the beneficiary is not designated "trustee" under the second alternative provision is wholly immaterial. She was a trustee under the verbal trust created by the insured for the subsequent eventual distribution of these proceeds equally between the trustee and her brother and sister. The proceeds of these insurance policies were in either case payable "otherwise than to the estate of the deceased" and whether received by her as a trustee or as an individual they were within the terms of the above exemption.

The instant case is clearly distinguishable from the case of Myers' Estate, 309 Pa. 581. There the proceeds of an insurance trust were held to be taxable because the trust agreement named no beneficiary, but merely stated that the fund was to be distributed in accordance with testator's will. That was clearly a case of distribution under the terms of decedent's will and, therefore, taxable under the statute. In the instant case, the fund was not distributable under decedent's will, having already been disposed of both in the policies and in the oral trust. The proceeds of the insurance policies were not, in fact, a part of decedent's estate and, therefore, were not subject to any inheritance tax.

With reference to the allowance of $50 made by the Commonwealth for the grave marker, decedent's estate, exclusive of the insurance, consisted of assets totaling $4,992.54. Section 2 of the Transfer Inheritance Tax Act as amended by the Act of May 15, 1925, P. L. 806, permits the deduction for tax purposes of "reasonable expenses for the erection of monuments or gravestones, grave and lot markers . . .". Decedent's wife, in the instant case, predeceased him and he purchased a head-

stone for her grave at a cost of $110. Decedent and his wife being buried in the same lot, after his death, his executrix very properly ordered a duplicate for decedent's grave. The cost of this marker was $110. In view of these facts, the expenditure of $110 was a reasonable and proper charge and that amount is allowed.

For the reasons above stated, the appeal is sustained and the inheritance tax is reduced in accordance herewith.