Hemingway Estate.

Argued April 29, 1959.  Before BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Ralph S. Snyder,* Deputy Attorney General, with him *Hervey B. Smith,* and *Thomas D. McBride,* Attorney General, for appellant.

*David B. Skillman,* with him *J. Horace Churchman, Henry S. Drinker, J. Atlee Cryder, Donald A. Lewis,* and *Frank E. Kepner,* for appellees.

OPINION BY MR. JUSTICE BOK, May 28, 1959:

R. S. Hemingway, a distinguished member of the Columbia County Bar, died on April 27, 1955.

Just thirty-one days before, on March 26th, he executed a will, a trust agreement, and a codicil, all on the same day. He dated the will and trust agreement back to October 15, 1954, and the codicil to December 10, 1954. This was done, as he said himself, to obviate the thirty-day limitation, in case he should die within it, set out in the Wills Act of April 24, 1947, P. L. 89, §7; 20 P.S. §180.7(1) on bequests to charities.

There was an old trust agreement, dated June 21, 1926, to which the instrument dated October 15, 1954, was an amendment. The bulk of the trust corpus consisted of insurance policies, and the amendment changed the disposition and beneficiaries of the proceeds. The following wording raises the question now before us. It reads: "Upon the death of the Settlor, the Trustee agrees to place the proceeds of said insurance policies in a trust and pay the income from said trust estate in the same manner and to the same persons as is set forth in the Settlor's last will and testament dated October 15, 1954; and at the termination of the trust to pay the principal or corpus in said trust estate to the same institutions as are set forth in the Settlor's said last will and testament."

The Commonwealth, appellant, argues that the insurance proceeds were subject to inheritance tax under the Act of June 20, 1919, P. L. 521, §1(d), and were not exempt under the amending Act of March 28, 1929, P. L. 118; 72 P.S. §2301(d), which reads as follows: ". . . The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated therein, and held, managed, and distributed by such trustee to

or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section. . . ."

The court below held the insurance exempt, and this appeal followed.

Appellant offers *Myers's Estate,* 309 Pa. 581, 164 A. 611 (1933), as controlling. It would be, except for a difference in one vital fact. There the settlor provided for payments of income and principal in accordance with the provisions of his will. In the instant case the direction refers to settlor's will dated October 15, 1954. The tell-tale is the date, which makes the will a mere memorandum. Without the date, as in *Myers,* the reference is perforce to an ambulatory will and the testamentary apparatus that it represents. With the date, as at bar, no amount of later wills would alter the character of the particular will of October 15th as an identifiable memorandum to which attention was directed by the settlor, as if by shorthand, for determination of who should take, and how, under the trust. The dated will could as effectively have been any other aide-memoire.

This conclusion is supported by *Anderson v. Telsrow,* 237 Iowa 568, 21 N.W. 2d 781 (1946), in which the trust deed referred to "the joint will and testament now in existence", and the court held that the distribution of the trust was governed by the reference to the specific will in existence when the trust deed was executed. To the same effect are *Hammett v. Farrar,* (Tex.) 29 S.W. 2d 949 (1930), and *Hamilton Trust Co. v. Bamford,* (N. J.) 141 Atl. 267, where the reference was to persons named "in my last will and testament bearing even date herewith, a true copy of which is hereun'o annexed and hereby made a part hereof."

As explained in *Kenin's Trust Estate (No. 1)*, 343 Pa. 549; 23 A. 2d 837 (1942), the meaning of *Myers* is that the insurance proceeds are taxable when the settlor shows that he intends to control by his will the disposition of the trust. See also *Wilson Estate*, 363 Pa. 546; 70 A. 2d 354 (1950); and *Townsend Trust*, 349 Pa. 162; 36 A. 2d 438 (1944). In the instant case the settlor has merely borrowed the names of the desired beneficiaries from a paper in which their names conveniently appear. The fact that the paper happens to be a will is purely coincidental.

Appellant argues that the intention of the settlor, gathered from the circumstances, must prevail: *Wolters Estate*, 359 Pa. 520; 59 A. 2d 147 (1948); *Anderton v. Patterson*, 373 Pa. 441; 96 A. 2d 111 (1953). It contends that the settlor, a skillful lawyer, inadvertently omitted his own church as a beneficiary, and that his intention was that beneficiaries could be changed or added to because his codicil names the church and has a different ante-dating.

It seems to us that the argument runs against appellant, not with it. It must be remembered that the will, the trust amendment, and the codicil were all executed on the same day. There was no will of October 15, 1954, until the will executed on March 26, 1955, was given that date. Mr. Hemingway's care in giving the will and trust agreement the same date and the codicil a different date is rather clear evidence that he wanted to keep his trust and testamentary dispositions separate in actual effect. Confirming this view is the wording of the codicil: "Item Three: I include the First Presbyterian Church of Bloomsburg, Pa., along with Lafayette College, Easton, Pa., University of Pennsylvania Law School, Philadelphia, Pa., and Bloomsburg State Teachers College, Bloomsburg, Pa., as a residuary beneficiary of my last will and testament and this codicil."

The decedent had the documents of the two funds before him and he could have added the church to either or both. It is as clear as a pikestaff that when he included the church "as a residuary beneficiary of my last will and testament and this codicil", he meant exactly that, namely, to add it to his testamentary trust and not to his trust deed and not to both.

This wording in the codicil, "my last will and testament", without adding its date, is further proof that decedent meant to use the wording of the trust amendment, "the Settlor's last will and testament dated October 15, 1954", as a memorandum reference to the identity of the three educational institutions only.

Finally, it should be noted that in the old trust agreement of June 21, 1926, the First Presbyterian Church appeared as a beneficiary. The amendment to it was therefore not so much an inadvertence as a positive act removing the church and replacing it with the three educational institutions incorporated by reference from the will. Instead of writing a codicil, it would have been much simpler to tell the scrivener to include all four institutions in both will and trust amendment if that had been intended.

The decree is affirmed, costs to be paid by the estate.

Mr. Justice BELL and Mr. Justice COHEN dissent.

Mr. Justice MCBRIDE took no part in the consideration or decision of this case.