[Civ. No. 9748. Third Dist. May 6, 1960.

HORACE L. FAHRNEY, Respondent, v. VIOLET MAY
WILSON, Appellant.

Morris M. Grupp for Appellant.

Kasch & Cook for Respondent.

PEEK, J.—Defendant appeals from a judgment declaring that she holds the proceeds of a life insurance policy upon an express trust for the creditors of her deceased husband, Wes Wilson, and directing that she pay to the plaintiff, as such a creditor and as the subrogee and assignee respectively of two other such creditors, the sum of $2,161.39.

Our review of the evidence, which is confined to that most favorable to the respondent, discloses that defendant's husband operated a substantial log trucking business which had large financial obligations but a relatively small cash reserve. Before applying for the policy in question he mentioned to the plaintiff that he was attempting to take out an insurance policy on his life ''to protect the business.'' Wilson already had substantial insurance coverage on his life (one policy at least was sufficiently large to pay off the mortgage on his home). In March of 1955 Carl Knudsen, a salesman for the California-Western States Life Insurance Company, visited Mr. and Mrs. Wilson at their home to discuss the prospect of Wilson's purchasing additional life insurance. A general discussion took place among the three in which Wilson's business debts, together with the amount of insurance needed to pay them in the event of his death, were examined. Wilson finally decided to take out a policy of $50,000, naming his wife as beneficiary and containing a provision for double indemnity in case of his accidental death. It was apparently understood that if he died suddenly the proceeds of the policy were to be applied to his ''debts in general.''

After he applied for the policy, but before it was issued on April 8, 1955, Wilson spoke of it with Leslie Gwin, a business associate. Gwin's testimony concerning this conversation was as follows: ''Q. . . . Now, on that occasion what did Mr. Wilson say with respect to the reason or purpose of procuring this insurance? A. It was for the protection of the business in case anything happened to him, that the debts of the business would be taken care of and his wife was to get the balance of the insurance money.'' Some time after the policy

was issued, Wilson mentioned to the plaintiff: " 'I am in a position now I have passed my physical and have substantial life insurance policies that will protect the business and the creditors and also my wife in the event of an untimely death on my part.' " Between April, 1955, and his death in June, 1956, which was the result of an automobile accident, Wilson had other conversations with the plaintiff and Gwin to the same effect. The defendant was present at one of those discussions before her husband's death when he told Gwin that ". . . the insurance policy was for the protection of the business, and in an event of his death the obligations were to be paid off, and the balance was to go to Mrs. Wilson, and the equipment back to me."

Soon after Wilson was killed defendant told the plaintiff that she would pay the amount owed him from the proceeds of the policy. Defendant also asked one Allen Powell, a bookkeeper of the trucking firm, to draw up a list of creditors and directed Gwin to inform these creditors that they would be paid as soon as she received the insurance money from California-Western States Life. Business operations were continued for about two months following Wilson's death. While there was some talk about defendant and Gwin continuing the business as a partnership, the plan was abandoned for financial reasons. The evidence showed that most of the premiums on the policy here involved were paid from Wilson's commercial account. His estate was insolvent.

■ There can be no question that a trust such as the one found by the trial court in this case may be created. As stated in section 84 of the Restatement of Trusts 2d:

"An interest which is subject to be divested, if transferable, can be held in trust.

. . . . . . . . . . . . .

"If a person takes out a policy of insurance upon his life payable to a third person, the rights of the third person as beneficiary of the policy can be held in trust, even though the insured reserves power to change the beneficiary of the policy. The trust may be created either by the insured or by the beneficiary of the policy. Thus, a trust is created whether the beneficiary of the policy is designated as trustee in the policy, or whether the policy is payable to him without mention of any trust but he agrees with the insured to hold the policy or its proceeds in trust for a designated person, or whether the beneficiary of the policy declares himself trustee of his rights under the policy. The beneficiary of a policy of

life insurance has more than a mere expectancy (see § 86), even though his rights under the policy may be terminated by the exercise by the insured of a reserved power to change the beneficiary.

"Such a trust is not testamentary. See sec. 57, comment f."

This rule obtains in California. ▉ Moreover, a trust of the proceeds of life insurance may be created orally and may be established by parol evidence. (*Silvey* v. *Hodgdon*, 52 Cal. 363, 368; *Camperi* v. *Chiechi*, 134 Cal.App.2d 485, 510 [286 P.2d 399].)

▉ Defendant argues, however, that any extrajudicial statements made by her deceased husband out of her presence were inadmissible under the hearsay rule, and that the court erred in failing to exclude such statements from evidence. This contention is without merit. Wilson's extrajudicial statements, whether they were made in the defendant's presence or not, and whether they were made before, during or after the time he applied for the policy, were, though hearsay, admissible as circumstantial evidence of his intent or state of mind at the time he applied for the policy. (*Hansen* v. *Bear Film Co., Inc.*, 28 Cal.2d 154, 173-174 [168 P.2d 946]; *Whitlow* v. *Durst*, 20 Cal.2d 523, 524 [127 P.2d 530]; *Casey* v. *Casey*, 97 Cal.App.2d 875, 878, 881 [218 P.2d 842]; Witkin, California Evidence, § 269, p. 307.)

The main questions are whether Wilson's statements and conduct indicate with reasonable certainty his intention to create a trust and the subject, purpose and beneficiary of the trust; and also whether the defendant's statements and conduct indicate with reasonable certainty her acceptance of that trust. (Civ. Code, §§ 2221 and 2222.)

▉ It is often said that the evidence to prove an oral trust of personalty must be clear and convincing, and especially so in cases where the alleged declarant is dead at the time of suit. (1 Bogert, Trusts and Trustees, pp. 357-358, § 49; *Austin* v. *Wilcoxson*, 149 Cal. 24 [84 P. 417].) However, the application of this test is primarily for the trial court (*Hansen* v. *Bear Film Co., Inc., supra*, p. 173; *Beeler* v. *American Trust Co.*, 24 Cal.2d 1, 7 [147 P.2d 583]) whose determination cannot be attacked on appeal if there is substantial evidence to support the judgment. (3 Witkin, California Procedure, Appeal, § 84, p. 2247.) ▉ The required proof may be indirect, consisting of acts, conduct and circumstances (*Hansen* v. *Bear Film Co., Inc., supra*, p. 173); no particular terminology is needed, and the words, "trust" or "trustee"

need not be used. (*People* v. *Pierce,* 110 Cal.App.2d 598, 605 [243 P.2d 585].)

 Although conflicting, the evidence disclosed by the record is sufficient to support the conclusion of the trial court. From Wilson's various statements and from the fact that he was already substantially insured, the court could reasonably have inferred that he took out this policy naming his wife as beneficiary upon an agreement with her that his debts would be paid from its proceeds if he died suddenly. If this is so, the trust res (defendant's rights under the policy) and the beneficiaries of the trust (Wilson's creditors) were obviously indicated with reasonable certainty. Defendant's acquiescence in this intended disposition of the proceeds constituted a sufficient acceptance by her of the trust. (48 Cal.Jur.2d, Trusts, § 42, p. 688; *Leemhuis* v. *Leemhuis,* 137 Cal.App.2d 117, 123 [289 P.2d 852].)

Defendant has raised numerous other issues on appeal; however, it is unnecessary to discuss them in view of our conclusion on the main issues.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied May 26, 1960, and appellant's petition for a hearing by the Supreme Court was denied June 29, 1960.