[Crim. No. 7591. First Dist., Div. One. Jan. 16, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK A. JENKINS, Defendant and Appellant.

## COUNSEL

Michel F. Willey, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.**—Defendant Mark A. Jenkins appeals from a judgment entered on a jury verdict of guilty to the charge of violating Penal Code section 475a (possession of a completed check with intent to defraud), from the order denying a motion for new trial, and from "any order made after judgment."[1]

The record discloses that, on or about January 13, 1968, a book of checks for an account held at the San Francisco office of the Wells Fargo Bank by Mr. and Mrs. John Francis Powers was stolen. Subsequently an account was opened in the City National Bank of Los Angeles by one Avis Zimmerman, with an initial deposit of $30 in cash and a check drawn on the Powers' Wells Fargo account for $487. Three checks were cashed against the Los Angeles account which proved to be worthless. Two of these checks were made payable to Robert A. Brown in the amount of $487 and $587, respectively.

On February 12, 1968, a commercial account was opened at the San Rafael office of the Bank of Marin by a man who identified himself as Robert A. Brown, but who, in reality, was Henry Kates. In opening the

---

[1] An order denying a motion for a new trial is nonappealable but is reviewable upon appeal from a final judgment. (Pen. Code, § 1237.) Defendant does not indicate what, if any, order made after judgment he is appealing. The record does not disclose that any order was made after judgment. The purported appeal from the order denying a new trial and from "any order made after judgment" must, therefore, be dismissed.

account Kates aroused the suspicion of a bank officer when Kates gave an inordinately high street number as his address. Kates then left the Bank of Marin and drove to the Redwood National Bank in San Rafael where he opened a commercial account in the name of Robert A. Brown. Kates then returned to the Bank of Marin and deposited a check for $587 drawn on the Avis Zimmerman account at the National Bank of Los Angeles. In the course of this transaction Kates was confronted by a vice-president of the bank concerning the erroneous address he had previously given. Kates thereupon penciled-over one numeral of the address and lowered the number to the apparent satisfaction of the bank officer.

At about 12:30 p.m. on February 13 a teller at the Bank of Marin received a telephone call from a man who identified himself as Robert A. Brown. The caller referred to an account number and inquired whether checks could be cashed on that account. The teller stated that she would have to check with her supervisor and asked the caller to call back in about an hour. When the man identifying himself as Mr. Brown called back, he was told by the same teller that he could present checks against the account. The caller then stated that he would send someone over to cash a check drawn on the said account. The teller never met or saw Robert A. Brown.

Thereafter, within several minutes of the bank's 3 p.m. closing time, defendant entered the bank and presented a check drawn on the Robert A. Brown account and payable to the order of J. W. Young and asked that it be cashed. Defendant presented a New York driver's license issued to a J. W. Young. The teller to whom defendant presented the check had been informed by her supervisor to look out for checks bearing the signature Robert A. Brown. As part of a prearranged plan, the teller alerted two waiting policemen who apprehended defendant and placed him under arrest.

While defendant was in the bank, Kates and Walter Jenkins, Jr. were observed sitting in an automobile outside the bank by a bank employee, whose attention was directed to the vehicle by pieces of paper which were falling into the street through a partially open door on the driver's side. The automobile started to make a U-turn as other officers arrived at the bank. These officers stopped the car and apprehended the occupants. The pieces of paper which had fallen from the automobile were retrieved. Upon examination it was discovered that they consisted of torn pieces of a City National Bank of Los Angeles check. A subsequent search of the automobile revealed a packet of cards under the front seat. These cards bore the name Mark Jenkins.

When the three men were taken to jail Kates was observed attempting to drop a plastic card down a drainpipe grating. This card was retrieved by an officer. It bore the name Robert A. Brown.

■ Adverting to defendant's first contention on appeal that the evidence is insufficient to support the judgment, we note that defendant concedes that under the substantial evidence test his position is untenable. He urges, however, that this test should be replaced in cases of criminal fraud by a test which requires that in such cases clear and convincing evidence must be shown to support a conviction. The test on appeal has been stated many times by the reviewing courts in this state. That test is whether there is substantial evidence to support the conclusion of the trier of fact; not whether guilt is established beyond a reasonable doubt or that there must be clear and convincing evidence to support the conviction. (See *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; *People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382]; and see Witkin, Cal. Criminal Procedure (1963) § 683, pp. 666-667; 3 Witkin, Cal. Procedure (1954), § 84, pp. 2245-2247.) None of these cases indicate that a different test is to be applied in cases of criminal fraud. Accordingly, until and unless the Supreme Court declares a different principle of appellate review we are bound to follow the rule which has been reiterated in many cases. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) ■ Moreover, it is equally well established that "the clear and convincing" requirement, where it is applicable, is primarily one for the trial court and if there is substantial evidence to support the conclusion of the trier of fact, the determination of the trier of fact is not open to review on appeal. (*Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [141 P.2d 732]; *Marshall* v. *Marshall,* 232 Cal.App.2d 232, 246 [42 Cal.Rptr. 686]; *Fahrney* v. *Wilson,* 180 Cal.App.2d 694, 697 [4 Cal.Rptr. 670]; see 3 Witkin, Cal. Procedure, *supra,* p. 2247.)

■ The other contention made by defendant is that the trial court improperly excluded his attempt to show that no charge of a previous similar offense had been brought against codefendant Walter Jenkins, Jr. Evidence had been previously introduced that Walter Jenkins, Jr., had been arrested in a similar transaction in Vallejo. Prior to admitting the evidence the court gave the jury explicit instruction that the evidence was for the limited purpose of "determining whether . . . there was any . . . criminal intent . . . on the part of the defendant Walter Jenkins, whether his action was part of a common plan, scheme and design. . . . It is not to be associated with the other codefendant, Mark Jenkins, in any way, shape or form. . . ." On cross-examination of the police officer who arrested Walter Jenkins, Jr., for the similar offense defense counsel asked if the officer knew of his own knowledge whether Walter Jenkins was ever prosecuted for the offense. Objection was made to this question as hearsay. The objection was sustained, upon the basis that "it is immaterial whether or not there was prosecution or conviction." Defendant urges that the court's

ruling resulted in prejudicial error because he and codefendant Walter Jenkins, Jr., were so closely associated that in the minds of jurors incriminating evidence as to one defendant was harmful to the other.

Defendant relies on *People* v. *Griffin,* 66 Cal.2d 459, 466 [58 Cal.Rptr. 107, 426 P.2d 507], where it was held that proof of an acquittal is admissible to weaken or rebut the prosecution's evidence that the defendant committed a similar offense. The rationale underlying the holding is that evidence of an acquittal assists the jury in its assessment of the significance of the evidence of the other crime "with the knowledge that at another time and place a duly constituted tribunal charged with the very issue of determining defendant's guilt or innocence of the other crime concluded that he was not guilty." (P. 466.)

Although the *Griffin* case is distinguishable from the present case in that there the rejected evidence was acquittal for the other similar offense, while here the proffered evidence was that defendant had not been prosecuted for the similar offense, we apprehend that the rationale of *Griffin* is equally applicable to the present case. In *Griffin* it was held that competent and otherwise admissible evidence of another crime is not made inadmissible by reason of the defendant's acquittal of that crime (p. 464; see *People* v. *Griffin,* 60 Cal.2d 182, 191 [32 Cal.Rptr. 24, 383 P.2d 432]), but the proof of the acquittal was also admissible to *weaken and rebut the prosecution's evidence of the other crime.* Accordingly, the gist of the holding in *Griffin* is that since "evidence of other crimes always involves the risk of serious prejudice, and it is therefore always 'to be received with "extreme caution," ' " (p. 466) any competent or otherwise admissible evidence tending to weaken and rebut the evidence of the other crime should be admissible. Here, under the rule recognized in *Griffin,* competent evidence of a similar crime allegedly committed by Walter Jenkins, Jr., was admissible against him even though he had not been prosecuted for it, since the relevant ultimate fact is not the guilt of the other crime but evidence of a fact material to the issue being tried. Those issues were whether or not Walter Jenkins, Jr., had fraudulent intent with respect to the alleged crime for which he was presently on trial and, whether the evidence of the other crime was a means of identifying him as the perpetrator of the crime for which he was being tried by showing a general plan, or scheme and modus operandi similar to those used in the crime charged in the instant case. (*People* v. *Raleigh,* 83 Cal.App.2d 435, 442-443 [189 P.2d 70]; see *People* v. *Peete,* 28 Cal.2d 306, 314-320 [169 P.2d 924]; *People* v. *Henderson,* 60 Cal.2d 482, 494-495 [35 Cal.Rptr. 77, 386 P.2d 677]; *People* v. *Perez,* 65 Cal.2d 615, 618-619 [55 Cal.Rptr. 909, 422 P.2d 597].) In *Raleigh, supra,* the principle enunciated in *Griffin* was applied even though the charges of the other crimes had been dismissed. In other jurisdictions the rule has been

applied where the charge for the other offense is then pending against the defendant. (See cases compiled and cited in 125 A.L.R. 1036.)

In view of the foregoing the trial court erred in excluding evidence that the similar charge against Walter Jenkins, Jr., in Vallejo had not been prosecuted. since such evidence tended to weaken or rebut the prosecution's evidence of the other crime. ■ The error, however, was not prejudicial to defendant. The evidence of the other crime was not admitted against defendant but only against Walter Jenkins, Jr. In this regard we again note the explicit limiting instruction that evidence showing a similar offense by Walter Jenkins, Jr., was "not to be associated with the other codefendant, Mark Jenkins, in any way, shape or form." The effect of the admission of evidence of the other crime affected defendant, remotely, if at all. Moreover, it does not appear that had the lack of prosecution of Walter Jenkins, Jr., been shown it is reasonably probable that the jury would have reached a different verdict. (Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].) The evidence of defendant's guilt was substantial, although circumstantial. ■ That evidence shows that defendant, by using fictitious identification, attempted to cash a check on Kates' account in the Bank of Marin which Kates had opened under the alias of Robert A. Brown. That account had been opened by a check payable to the order of Robert A. Brown drawn on the fictitious and worthless account at the City National Bank of Los Angeles. Defendant was placed in active relationship with Kates by the circumstances showing that Kates was sitting in an automobile outside the bank while defendant was attempting to cash the check and by the packet of cards bearing defendant's name which were found under the front seat of the automobile. Penal Code section 475a makes it a crime to possess a completed check with the intention to utter or pass the same to defraud any person. Such intent is proved by the circumstances surrounding the transaction in question. (*People* v. *Rush,* 172 Cal. App.2d 431, 435 [341 P.2d 788]; *People* v. *Greenwood,* 207 Cal.App.2d 300, 304 [24 Cal.Rptr. 337].) The weight, sufficiency and inferences to be drawn from those circumstances are a matter for the trier of fact. (*People* v. *Rush, supra; People* v. *Daugherty, supra,* 40 Cal.2d 876, 885.) Tested under our scope of review there is substantial evidence to support the conclusion of the trier of fact.

The appeals from the order denying a new trial and from "any order made after judgment" are dismissed. The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 11, 1970.