[Crim. No. 2438. In Bank.—August 14, 1922.]

THE PEOPLE, Respondent, v. ULLAH MOHAMMED, Appellant.

[1] CRIMINAL LAW—MURDER—ELEMENTS OF CRIME—INSTRUCTIONS.— The statement in an instruction in a prosecution for murder that it is only necessary that the unlawful act of killing be preceded by concurrence of will, deliberation and premeditation on the part of the slayer, and if such is the case the killing is murder of the first degree, is not prejudicially erroneous because it omits the elements of self-defense, malice and intent, where such elements are correctly stated in other instructions.

[2] ID.—SINGLE INSTRUCTIONS.—The fact that each instruction does not cover the whole case does not make such instruction erroneous, if the instructions as a whole do so.

[3] ID.—CHARACTER OF WITNESSES—INSTRUCTION.—An instruction containing a direction that the character of the witnesses as shown by the evidence should be taken into consideration in determining their credibility, is not subject to the criticism that it makes the character of the witness an element for the jury to consider in judging his truthfulness, where it is apparent from the whole instruction that the word character was used in a general sense and not limited to truthfulness.

[4] ID.—SELF-DEFENSE—DEGREE OF PROOF—INSTRUCTION.—In this prosecution for murder, it was not error to refuse an instruction to the effect that it was not necessary for the defendant to establish self-defense by evidence sufficient to satisfy the jury that it was true, but that if there was evidence sufficient to raise a reasonable

---

4. Applicability of rule of reasonable doubt to self-defense in homicide, notes, 19 L. R. A. (N. S.) 483; 31 L. R. A. (N. S.) 1166.

doubt as to whether defendant was justified, he was entitled to an acquittal, where the subject was covered by given instructions. There was no substantial evidence that the defendant was thus acting at the time of the homicide, and hence the instruction should not have been given in any event.

[5] ID.—EVIDENCE—CHARACTER OF DECEASED—JUDGMENT-ROLL OF FOREIGN COURT.—In a prosecution for murder, a judgment-roll of a foreign court is inadmissible to show the character of the deceased in the absence of a showing of the offense charged and of the defendant's knowledge of the judgment.

APPEAL from a judgment of the Superior Court of Sonoma County. R. L. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gil P. Hall for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

SHAW, C. J.—The defendant was convicted of murder of the first degree and sentenced to death. He appeals from the judgment.

The evidence fully established his guilt. It shows that he entered the house of one Allie Akbar, about midnight, with a shotgun; that he fired the shotgun at Akbar as he lay in bed and missed him; that Akbar sprang out of bed and the defendant struck him upon the head, knocking him down and rendering him unconscious, and then cut his throat, as the result of which Akbar died. The defendant admitted these facts and all the circumstances tend to corroborate his statement.

[1] Defendant's counsel, in his argument, selects passages from the instructions and contends that they are erroneous, because the particular part selected does not cover all the points in the case. For example, instruction 3 contains, among other statements, the following: "It is only necessary that the unlawful act of killing be preceded by concurrence of will, deliberation and premeditation on the part

5. Proof of self-defense necessary to warrant admission of evidence as to character and reputation of deceased, note, 124 Am. St. Rep. 1018; 4 Ann. Cas. 338; 11 Ann. Cas. 229; 3 L. R. A. (N. S.) 355.

of the slayer, and if such is the case the killing is murder in the first degree." This is criticised because "it omits both the element of self-defense, the element of malice and the element of intent." This passage, however, was only a part of a single clause of the instruction. The words next following were "no matter how rapidly these acts of the mind may succeed each other or how quickly they may be followed by the act of killing." Putting the two parts together and connecting them with what precedes both of them, we find that it is apparent that this part of the instruction was intended to define the elements of premedita· tion and deliberation. The element of intention as defined in the opening sentence of the paragraph is also correctly stated in another instruction. The element of malice is fully treated in other instructions and so, also, is the element of self-defense. [2] It has been so often stated in opinions of this court, that the fact that each instruction does not cover the whole case, does not make such instruction erroneous, if the instructions, as a whole, did so, that it is unnecessary to cite the cases, or to say more on the subject in this case.

This answers all the objections made to the instructions except those which we shall presently discuss.

[3] Instruction 19 directed the jury that the "character of the witnesses as shown by the evidence should be taken into consideration" in determining their credibility. Counsel criticises this instruction on the ground that it makes "the character of the witness an element for the jury to consider in judging his truthfulness, that the jury would take this to mean his general character, whereas, so it is claimed, they can only take into consideration the character of the witnesses for truth, honesty and integrity. We think counsel attached too much importance to the expressions we have quoted from the instruction. It was in the introductory sentence and it was followed by a statement of the specific things to which it refers, as follows: "A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testified, his interest in the case, or his bias or prejudice against one of the parties, by the character of his testimony, or by evidence affecting his character for truth, honesty or integrity, or by contradictory evidence." All

these things make up the character of the witness and are proper for the consideration of the jury. General reputation for truth, honesty or integrity, if shown, is proof affecting his character for truthfulness. Truthfulness is only one of the elements of the character of the person who testifies. It takes all of the others to make up the character which the jury may consider as establishing not only his innate truthfulness, but also his accuracy in observing, his accuracy of recollection and his accuracy in relating that which he has observed and recollects, so as to reach a conclusion regarding his credibility. It is clear that the word character, in the opening sentence, was used in this general sense. The instruction, as a whole, could not have misled the jury. No witness was impeached by proof that his general reputation for truth, honesty or integrity was bad. Consequently, the jury could not have had their attention directed to proof of the character of any witness in that respect, and they would naturally understand that it was the character of the witnesses generally that was referred to in the instruction.

[4] The defendant offered an instruction to the effect that it was not necessary for the defendant to establish self-defense by evidence sufficient to satisfy the jury that it was true, but that if there was evidence sufficient to raise a reasonable doubt as to whether the defendant was justified, then he was entitled to an acquittal. The instruction was correct in point of law and it may as well have been given. The court below refused it on the ground that it was covered by charges already given. Defendant's counsel thinks this is not the case. We have examined the instructions on the subject, however, and we are satisfied that the other instructions given covered the point of the one offered. Besides, we do not think there is any substantial evidence that the defendant was acting in self-defense when he killed the deceased. Where a person strikes another a blow on the head and knocks him down and then procures a razor with which he cuts his throat from ear to ear, thereby producing death, it would seem that self-defense was not within the realm of possibility.

[5] The defendant also claims that the court erred in excluding a judgment-roll of the district court of the second judicial district of the state of Montana as evidence in the

case.   The purpose of the evidence was to show the character of Allie Akbar.   The ruling was correct.   The record in the case does not show what offense, if any, Allie Akbar was accused of.   Furthermore, it does not appear that the defendant had ever heard of the judgment.   The only purpose of the evidence would be to show that the defendant had knowledge of Akbar's character at the time of the killing.   As it does not appear that he ever heard of it the evidence is wholly immaterial.

We find no error in the record.

The judgment is affirmed.

Lennon, J., Lawlor, J., Waste, J., Richards, J., *pro tem.,* and Myers, J., *pro tem.,* concurred.