[Crim. No. 2191.   Second Appellate District, Division Two.—July 25, 1932.]

THE PEOPLE, Respondent, v. NICK RADOVICH, Appellant.

Thomas Wade Cochran for Appellant.

78

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WORKS, P. J.—Defendant was convicted of robbery. He appeals from the judgment and from an order of the trial court denying his motion for a new trial.

The case, on the evidence, was one merely of conflict, the quarrel being between evidence tending to show an identification of appellant as a participant in the crime charged, several having been concerned in it, and evidence tending to prove an alibi.

While counsel for appellant at the trial—not the one now before us—was engaged in presenting his argument to the jury something occurred which impelled him to call for the court reporter, that functionary not being in attendance at the time. When the reporter appeared the following record was made: ''Mr. Parsons: I refer to the case of People v. Molina, 126 Cal. 505, and I am reading from page 508 [59 Pac. 34, 35]. The Court: No, you are not reading from it at all; you are referring to the case. Mr. Parsons: May I quote a paragraph of law? The Court: You may not; the court will attend to all of the law in this case. Mr. Parsons: I appreciate that, and I desire to refer to certain cases, People v. Preston and People v. Law, and other matters in which conversations have been had on evidence, and where it was later established that those people were innocent. I wish to go into those cases and describe them to the jury. The Court: You will not be allowed to do so, and your continued reference to those cases after the court has ruled is contemptuous. You should know that you should confine your argument to the jury in any case to the facts, and not refer to— Mr. Parsons: I have. The Court: Are you going to argue the facts in this case or are you trying to force the court— Mr. Parsons: Not at all; I am trying to eliminate— The Court: Mr. Parsons, if there is one more word from you that is not addressed to the jury on the facts I will adjudge you guilty of contempt of court.''

The trial judge was justified in preventing the course which counsel was endeavoring to pursue. It is generally improper for counsel to read from law books in addressing

a jury (*People* v. *Godwin,* 123 Cal. 374 [55 Pac. 1059]), athough some of the authorities admit the possibility of such a course in particular cases within the discretion of the trial judge. If the point here presented may be said to resolve itself merely into a matter of discretion, we are satisfied that the discretion was not abused.

The judge spoke more forcibly and dictatorially in presenting his views to counsel than was necessary, but his language was drawn out, somewhat, by the attitude of counsel. On the whole, we doubt whether what the judge said damaged appellant.

If his language was harmful to appellant we think the injury was undone by an instruction which he gave to the jury, thus: "There is one thing I want to say to you all. During the course of Mr. Parsons' argument the court had occasion to make a ruling against him, regarding an incident in which counsel in his zeal on behalf of his client was attempting to argue certain matters which had no relation to the facts in this case. I don't want any of you to have the slightest feeling of prejudice against the defendant or against Mr. Parsons because of that incident. Mr. Parsons is a lawyer of unquestioned integrity, and I know he had no slightest intention of doing anything improper. Lawyers often feel that they want to do their full duty, and they advance arguments which they probably themselves recognize as not proper legitimate argument in any case in which the jury should only be addressed as to the facts in that case; but I don't want any of you to think that the court has any lack of confidence in Mr. Parsons as a lawyer or an officer of this court, or that you should in any way regard that incident as even in a slight degree prejudicial to Mr. Parsons or the client he represents. I would not have any of you think that for the world."

■ However, there are two passages in this instruction to which appellant takes exception and upon which he bases a second charge of misconduct upon the part of the judge. One of these passages is the one in which the judge said that counsel "was attempting to argue certain matters which had no relation to the facts in this case". The second passage reads: "Lawyers often feel that they want to do their full duty, and they advance arguments which they probably themselves recognize as not proper legitimate

argument in any case in which the jury should only be addressed as to the facts in that case." We think the first passage was not unjust. The second was not harmful to appellant, its only vice being that it was an unjust and gratuitous arraignment of the entire bar.

Judgment and order affirmed.

Thompson (Ira F.), J., and Stephens, J., *pro tem.*, concurred.