[Crim. No. 21315. Second Dist., Div. Four. Aug. 24, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL THOMAN III, Defendant and Appellant.

## COUNSEL

Lloyd E. Somogyi and R. Michael Devitt for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Russell Iungerich and Alan G. Novodor, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON, P. J.**—Defendant was charged in an amended information with the crime of exposing his private parts in public, in violation of Penal Code section 314, subdivision 1. The amended information also alleged three prior convictions of violating section 314, subdivision 1 of the Penal Code, thus making his alleged crime a felony.

Defendant, out of the presence of the jury, admitted the three prior convictions as alleged in the amended information. The jury found defendant guilty as charged.

The court granted defendant probation for a period of five years upon certain terms and conditions, one of which was a one-year jail sentence. Defendant appeals from the judgment (order granting probation).

Judith Lindsay, age 16 years, was standing on the corner of Higuera and Marsh Streets on March 8, 1971. She observed defendant driving a green Firebird. She also observed that the defendant was not wearing pants; he was masturbating his erected penis with his right hand and looking in her direction. He was about 5 feet from her as his car turned the corner. After defendant drove past her, she turned away and started walking up Marsh Street; she next observed defendant in a Shell station. She walked into the Shell station and went to the restroom. She came out of the restroom and continued to walk up Marsh Street. Defendant drove out of the station and passed by her but she could see only his head and shoulders. She crossed the street and went to a store, Foster Freeze, and met a friend Mark Pruess. Defendant drove by the parking lot of the store while she was there. Miss Lindsay left the parking lot of Foster Freeze, crossed the street to Jordano's and called her mother to report what she had seen concerning defendant; her mother called the police.

Miss Lindsay testified that on a prior occasion, on October 28, 1970,

at approximately 8:30 a.m. she was walking to school when defendant passed her. He parked his car and called her over to his automobile. She went to his automobile and as she leaned to see what he was going to say she noticed what he was doing. In response to a question by the prosecutor which was "What was he doing?" she replied, "Masturbating." She related that she went on to her high school and reported the incident to the attendance girl and the police were called.

Tonia Vasquez testified that on January 18, 1968, she was walking home from school on Broad Street. She saw defendant who was driving a Buick automobile in the same direction in which she was walking. He passed her and later followed her to the corner of Woodbridge and Broad Streets. He was looking at her and she looked at him. She observed him sitting in his automobile. He had on a shirt and his pants were below his knees and he was exposing himself. "He had his hands wrapped—he was holding his penis and shaking it." She testified that she stood there in shock; then ran around the car and took down his license number and ran home. She reported the incident to her mother who called the police.

Defendant testified on his own behalf. He admitted he was in the vicinity of Higuera and Marsh Streets on March 8, the date of the alleged crime involving Miss Lindsay. He did not remember that he stopped at any corner or slowed down; he denied that he saw Miss Lindsay (the victim) on March 8, 1971, or at any other time. He admitted that he made a turn at the corner of Marsh and Higuera Streets, but denied that his penis was exposed or that he was masturbating. He stated that he was shifting gears with his right hand and his left hand was on the steering wheel.

Defendant contends that the court committed reversible error in admitting evidence of prior sexual misconduct.

Defendant argues that the court permitted testimony of prior acts of indecent exposure by him, which at best would show only a criminal disposition on his part and would not show a common plan or scheme. This contention and argument is devoid of merit. "It is settled that evidence of other crimes is ordinarily admissible where it tends to show presence of a common design, plan, or modus operandi, and we recently recognized in *Kelley, supra,* that this rule applies to sex offenses committed with persons other than the prosecuting witness. We there pointed out that, although charges of sex offenses are often unreliable and particularly difficult to disprove, such evidence is admissible as showing a common scheme or plan where the offenses are not too remote, are similar to the offense charged, and are committed with persons similar to the prosecuting witness. (*People* v. *Kelley, supra,* 66 Cal.2d 232, 240-243 [57 Cal.Rptr. 363, 424 P.2d

947].) . . . Or as the matter is sometimes stated, the other offenses offered to prove pattern, scheme, or plan are sufficiently similar and possess a sufficiently high degree of common features with the act charged where they warrant the inference that if the defendant committed the other acts he committed the act charged. [Citations.] Other cases have spoken of a 'peculiar or characteristic behavior pattern' [citations] . . . and 'striking similarities' [citations]." (*People* v. *Cramer*, 67 Cal.2d 126, 129-130 [60 Cal.Rptr. 230, 429 P.2d 582].)

Using these standards, the evidence of Miss Lindsay concerning the prior offense on October 28, 1970, was clearly admissible. There were sufficient similarities in the commission of that prior offense with the one charged to justify the admission of the evidence. Each time defendant exposed himself to Miss Lindsay without wearing any pants; each time he looked at Miss Lindsay and when he attracted her attention, he was masturbating his erected penis.

The testimony of Tonia Marie Vasquez was clearly admissible as to prior acts which occurred three years before the acts charged in the information. There was the same modus operandi pattern, scheme and common design and the same "peculiar or characteristic behavior pattern." She testified she observed defendant holding his penis in his hand and shaking it at her.

■ The evidence of prior or similar acts on the part of defendant was of probative value and outweighed its prejudicial effect; its admission rested within the sound discretion of the court. (See *People* v. *Perez*, 65 Cal.2d 615 [55 Cal.Rptr. 909, 422 P.2d 597].)

■ Defendant contends that the court erred in its failure to give a cautionary instruction concerning the testimony of Tonia Vasquez. This contention is without merit. Tonia Vasquez was called as a witness and testified as to a prior incident of indecent exposure by defendant, which was offered solely to show common scheme or plan, peculiar or characteristic behavior pattern.

The court did give a cautionary instruction as to the prosecuting witness. (See *People* v. *Merriam*, 66 Cal.2d 390 [58 Cal.Rptr. 1, 426 P.2d 161].) No further instructions were required.

■ Defendant contends that the court committed reversible error in refusing to give his requested instruction (CALJIC No. 2.01) on circumstantial evidence. This contention is without merit. The evidence of the crime was direct and positive and it was not necessary for the court to instruct on the rules of law applicable to circumstantial evidence which would be

incidental to and corroborative of direct evidence. (*People* v. *Malbrough*, 55 Cal.2d 249, 250-251 [10 Cal.Rptr. 632, 359 P.2d 30]; *People* v. *Jerman,* 29 Cal.2d 189 [173 P.2d 805]; *People* v. *Blankenship,* 171 Cal. App.2d 66, 84-85 [340 P.2d 282].)

■ Defendant contends the court committed error in its refusal to admit in evidence a photograph offered by him. Defendant argues that the offered exhibit would show that he was wearing white pants on the date of the alleged offense. He admits that the trial court denied the admission of the photograph because it was cumulative. The contention is without merit. The trial court in its discretion ruled that the offered exhibit was merely cumulative to evidence already introduced. The ruling by the trial court was not prejudicial. (See *People* v. *Thompson,* 134 Cal.App.2d 423, 429 [285 P.2d 958].)

■ Defendant contends the trial court committed error in its refusal to instruct the jury as he had requested as follows: "You are hereby instructed that the sun set at 6:03 p.m. on March 8, 1971, at San Luis Obispo, California." The court is not required to instruct the jury on every issue of fact presented by the evidence. There was no error in the court's refusal to give the requested instruction. (*People* v. *Hill,* 76 Cal.App.2d 330, 342 [173 P.2d 26].)

Judgment of conviction is affirmed.

Kingsley, J., and Dunn, J., concurred.