[Crim. No. 23151. Second Dist., Div. Two. Mar. 5, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JOAQUIN MENDOZA, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, Alan C. Oberstein and Martin Stein, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Jack R. Winkler, Chief Assistant Attorneys General, William E. James and S. Clark Moore, Assistant Attorneys General, Norman H. Sokolow and Lawrence P. Scherb II, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Joaquin Mendoza appeals the judgment (order granting probation) after a jury convicted him of committing a lewd act upon a child under 14 years of age. (Pen. Code, § 288.)

### FACTS

Tad S. testified that on the afternoon of 1 February 1972 he, then 13 years old, and his friend Jim M. were delivering newspapers at an apartment house on Tamarand Avenue in Hollywood. Tad saw Mendoza on the apartment house stairs and asked him to buy a paper. Mendoza bought one and told Tad he would like to subscribe. He then invited Tad and Jim into his apartment, where he gave the boys candy and pointed out a Playboy magazine centerfold photograph of a nude girl on the wall. As Tad and Jim were leaving the apartment, Mendoza stopped Tad, held him by the shoulder, and mumbled something in his ear. Then he held Tad's cheeks in his hands and kissed him on the lips. As Tad pulled away Mendoza asked him to return when he finished his route. When Tad said he could not come back, Mendoza reached between Tad's legs and grabbed at his genitals through his clothes. Tad then left the apartment house.

## ISSUES

As grounds for reversal of the conviction, Mendoza claims (1) erroneous admission of evidence of a prior similar act, (2) misleading instruction on the specific acts constituting the crime, (3) undue limitation on his argument to the jury, and (4) inflammatory argument to the jury by the prosecutor.

## DISCUSSION

### 1. *Prior Similar Act.*

The jury heard evidence of a prior act by Mendoza similar to that charged as the crime. David F. testified that he was almost 13 years old on 21 June 1969. That afternoon Mendoza approached him in MacArthur Park in Los Angeles and invited him to his apartment for potato chips. Inside the apartment Mendoza showed David several Playboy foldouts of nude women on the wall. Mendoza then started to feel David's genitals and asked him to commit various lewd acts. When David resisted, Mendoza said they should return to the park. As they left the apartment, Mendoza put his arm around David and kissed him on the cheek. Several contentions cluster around the admission of David's testimony.

■ First, Mendoza contends the presentation of evidence of the prior offense against David surprised him and the court should have granted his motion for a continuance of "two or three days" to prepare a defense. We find no abuse of discretion or prejudice resulting to Mendoza from the denial of the motion. Although the prosecutor did not decide to produce evidence of a prior incident until the day before the commencement of the trial, Mendoza had four days to prepare for David's testimony. The court allowed Mendoza to hear David's testimony and to cross-examine him prior to the time the jury heard the testimony. Mendoza had available for his use in cross-examination police and victim reports of David's charge, and he called as witnesses two police officers who had investigated David's charge. Mendoza offered the court no specific reason why a continuance of two or three days should have been granted. Although he could not locate one of the police officers who investigated David's charge, Mendoza did not show that the officer would have been located in two or three more days or that the officer's testimony would have contributed substantially to his defense. (Pen. Code, § 1050; see *People* v. *Mason,* 183 Cal.App.2d 168, 172-173 [6 Cal.Rptr. 649].) ■ "In the lack of a showing of an abuse of discretion or of prejudice to the defendant, a denial of his motion for a continuance cannot result in a reversal of a judgment of conviction." (*People* v. *Laursen,* 8 Cal.3d 192, 204 [104 Cal.Rptr. 425, 501 P.2d 1145].)

■ Second, Mendoza contends the prosecutor denied him a fair trial by suppressing police and victim reports relating to David's charge that were favorable to the defense. The record discloses no intentional suppression of evidence: the prosecutor stated to the court she could not locate reports on David's charge and she believed the reports did not exist. Later, Mendoza's investigator succeeded in locating the reports. Since Mendoza had these reports available to him for potential impeachment purposes, since he failed to show that earlier disclosure of the reports would have led to other material evidence, and since the reports related only to impeachment of a witness who testified on a subsidiary issue, we conclude that the prosecutor's conduct could not have been prejudicial. (*People* v. *Cohen,* 12 Cal.App.3d 298, 324 [90 Cal.Rptr. 612].)

■ Third, Mendoza contends the court should have excluded David's testimony because it merely proved criminal disposition. This contention lacks merit. ■ Evidence of another sex offense is admissible to show a common scheme or plan if the offense is proximate in time, similar to the offense charged, and committed with persons similar to the prosecuting witness. (*People* v. *Kelley,* 66 Cal.2d 232, 243 [57 Cal.Rptr. 363, 424 P.2d 947]; *People* v. *Cramer,* 67 Cal.2d 126, 129 [60 Cal.Rptr. 230, 429 P.2d 582].) Admissibility lies within the sound discretion of the trial court (*People* v. *Wells,* 13 Cal.App.3d 265, 270 [91 Cal.Rptr. 460]; *People* v. *Armstrong,* 275 Cal.App.2d 30, 34 [79 Cal.Rptr. 668]), and we see no abuse of discretion here. ■ The prior act is not too remote in time (see *People* v. *Thoman,* 27 Cal.App.3d 436, 440 [103 Cal.Rptr. 746] [offense three years before]; *People* v. *Pierce,* 269 Cal.App.2d 193 [75 Cal. Rptr. 257] [course of conduct going back seven years]), and it is strikingly similar in circumstance: in each instance during the afternoon Mendoza lured his victim, a boy about 13 years old, to his apartment, offered him food, showed him photographs of nude women from Playboy magazine, touched the boy's genitals, desisted when the boy resisted, put his arm around him, and kissed the boy as they left the apartment.

■ Fourth, assuming the admissibility of David's testimony, Mendoza contends he should have been allowed to impeach that testimony with a police officer's opinion of David's veracity and with evidence that no criminal complaint or arrest had resulted from David's charge.

We find no error in the trial court's rulings. A police officer who investigated David's charge would have testified that in his opinion David lied about Mendoza. This officer never talked to David, but arrived at his opinion on the basis of his experience in similar cases, on notes made by other officers, and on the fact that David delayed nine days before bringing his

charge and then did not respond to police requests for an interview. This officer did not qualify as a competent witness on David's credibility. (*People v. Bugg,* 204 Cal.App.2d 811, 813 [22 Cal.Rptr. 896].) He neither knew David (*People v. Harris,* 270 Cal.App.2d 863, 873 [76 Cal.Rptr. 130]) nor professed knowledge of David's reputation for honesty and veracity in the community. (*People v. Paisley,* 214 Cal.App.2d 225, 232-233 [29 Cal. Rptr. 307].)

With reference to the disposition of David's charge against Mendoza, the trial court instructed the jury that "for reasons with which you are not to concern yourselves, there is no prosecution relating to the alleged 1969 acts." This instruction sufficiently covered the point (*People v. Jenkins,* 3 Cal.App.3d 529, 534-535 [83 Cal.Rptr. 525]) and avoided diverting the trial's focus from its principal issues. (Evid. Code, § 352.)

■ Fifth, Mendoza contends the court erred in instructing the jury that the prior act could be proved by a "preponderance of the evidence" rather than "beyond a reasonable doubt." He concedes the California cases are against him (see *People v. Lisenba,* 14 Cal.2d 403, 429-432 [94 P.2d 569]), but he argues that *In re Winship,* 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068], compels a different result. We disagree. *Winship* merely notes the longstanding rule that proof of a criminal charge beyond a reasonable doubt is constitutionally required (397 U.S. at p. 362 [25 L.Ed.2d at p. 374]) and applies that standard of proof to the adjudicative stage of juvenile proceedings when the juvenile is charged with an act which would constitute a crime if committed by an adult. (397 U.S. at p. 368 [25 L.Ed. 2d at p. 377].) The logic of the California rule on proof of other crimes still applies: facts regarding another offense are simply evidentiary facts to be considered along with other evidence in the case on the question of knowledge, plan, or intent; although the jury may entertain some reasonable doubt as to the proof of the other offense or of particular items of evidence, it is sufficient if they are convinced beyond a reasonable doubt of the ultimate fact of knowledge, plan, or intent. (*People v. Lisenba, supra,* 14 Cal.2d 403; *People v. McClellan,* 71 Cal.2d 793, 804 [80 Cal.Rptr. 31, 457 P.2d 871]; see also *Lego v. Twomey,* 404 U.S. 477, 487 [30 L.Ed.2d 618, 626, 92 S.Ct. 619]; *Cupp v. Naughten,* 414 U.S. 141 [38 L.Ed.2d 368, 94 S.Ct. 396].)

## 2. *Instructions on Specific Acts.*

■ The court instructed the jury: "Every person who willfully and lewdly commits any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with

the specific intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, is guilty of a crime." (CALJIC No. 10.30.) The court then instructed: "[The defendant] may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict." (CALJIC No. 17.01.)

Mendoza challenges the latter instruction on the ground that "it did not specify which acts shown by the evidence would be sufficient to constitute the crime charged."

The contention is unmeritorious. Instructions must be read in context. (*People* v. *Mohammed,* 189 Cal. 429, 431 [208 P. 963].) The phrase "any one or more of such acts" obviously refers back to the immediately preceding instruction, which carefully defines the set of acts that could constitute the crime charged. We must presume that the jury accepted the plain meaning of the instructions. (*Sill Properties, Inc.* v. *CMAG, Inc.,* 219 Cal.App.2d 42, 53 [33 Cal.Rptr. 155].)

### 3. *Mendoza's Argument to Jury.*

Mendoza contends the trial court should have allowed him to read to the jury two newspaper clippings about unrelated cases in which children are reported to have fabricated accusations against innocent men.

We disagree. Counsel's summation to the jury must be based upon facts shown by the evidence or known judicially. (*People* v. *Evans,* 39 Cal.2d 242, 251 [246 P.2d 636].) Counsel may refer the jury to non-evidentiary matters of common knowledge, or to illustrations drawn from common experience, history, or literature (*People* v. *Love,* 56 Cal.2d 720, 730 [16 Cal.Rptr. 777, 366 P.2d 33]), but he may not dwell on the particular facts of unrelated, unsubstantiated cases. The court here properly permitted defense counsel to draw on common experience for the general notion that children sometimes fabricate accusations against innocent persons, but the court properly denied defense counsel license to read newspaper clippings about unrelated specific crimes, hearsay material which could only confuse the jury with irrelevant facts. (*People* v. *Polite,* 236 Cal.App.2d 85, 92 [45 Cal.Rptr. 845]; *People* v. *Radovich,* 125 Cal. App. 77, 78-79 [13 P.2d 860]; *People* v. *Hawthorne,* 75 Cal.App. 657, 661 [243 P. 64]; but see *People* v. *Woodson,* 231 Cal.App.2d 10, 15-17 [41 Cal.Rptr. 487].)

### 4. *Prosecutor's Argument to Jury.*

The trial court, however, failed to exercise similar control over the prosecutor's argument to the jury, which led to numerous erroneous and inflammatory statements.

First, the prosecutor violated the spirit of *Griffin* v. *California,* 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], with a thinly veiled comment on Mendoza's failure to testify. She argued to the jury that "[t]his is a serious offense; you should give it great, great thought. Since olden days, I guess it is from the time when the defendant was not capable of taking the stand, you know, he couldn't be a witness in those days, there is a cautionary instruction that says to you, 'The charge is easily made; hard to defend against.' " The court inadvertently compounded this error when it instructed the jury: "In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove every essential element of the charge against him, and no lack of testimony on defendant's part will supply a failure of proof by the People so as to support *by itself* a finding against him on any such essential element." (Former CALJIC No. 2.61, italics added.) This instruction was improper because it indirectly implied that the jury could consider Mendoza's failure to testify as evidence to prove an essential element of the offense. (*People* v. *Vargas,* 9 Cal.3d 470, 477 [108 Cal.Rptr. 15, 509 P.2d 959]; *People* v. *Townsend,* 20 Cal.App.3d 919, 923-925 [98 Cal. Rptr. 8]; *People* v. *Williams,* 22 Cal.App.3d 34, 45-46 [99 Cal.Rptr. 103].)

Second, the prosecutor repeatedly drew unjustifiable inferences from Mendoza's conduct and dwelt on suppositions not reflected in evidence before the jury. (See our previous discussion above on argument of counsel.) A few examples:

"[Prosecutor]: It is the very little, small, mild people, some of whom, rather than even being prosecuted, go to psychiatric care, who maybe ultimately molest, sexually attack, and even kill their granddaughters, friends who come to the house to see them, or the child is found in Griffith Park. These are things that happen all the time. . . . There are more, many more articles in newspapers; you have all read them, that say, 'Hey, you know, we didn't think this guy was too dangerous. He looked kind of meek.' And we don't know how fragile Mr. Mendoza is. There is no evidence as to how fragile he is, but he looked sort of meek. We didn't really know; we didn't really realize, and this is after death and worse that leaves injury on these kids."

Third, the prosecutor misstated the law. She incorrectly informed the

jury that a "child molestation case, that is 288 of the Penal Code, requires very little evidence." That charge requires neither more nor less evidence than any other.

Fourth, in summation the prosecutor asked the jury "to take Mr. Mendoza off the streets." California law gives the responsibility for determining punishment in criminal cases to the judge and the Adult Authority. The jury's responsibility is limited to the determination of the defendant's guilt or innocence of the charge against him.

The prosecutor presented to the jury a strong case, but she needlessly coupled that case with an even stronger appeal to passion and prejudice. We think the foregoing misstatements and irrelevancies may have erroneously prejudiced the jury against the defendant, and we are not persuaded beyond a reasonable doubt that the cumulative impact of these errors had no effect in bringing about the guilty verdict. (*Chapman* v. *California,* 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824, 24 A.L.R.3d 1065]; *People* v. *Williams,* 22 Cal.App.3d 34, 58 [99 Cal.Rptr. 103].)

The judgment (order granting probation) is reversed.

Roth, P. J., concurred.

**COMPTON, J.**—I dissent. The majority concludes, and I think correctly, that the case against the defendant was a strong one. Thus, even if the statements of the prosecutor and the single jury instruction are considered to be error, a point which I do not concede, the majority opinion needlessly erodes the harmless error rule. We have yet to reach the day in which a totally error-free record can be expected and with the volume of cases that are presently clogging our courts, the wisdom of California Constitution, article VI, section 13, is especially apparent and its efficacy is vital.

Here is a case in which the evidence which is completely unchallenged, discloses that the defendant has twice molested young boys. A jury of 12 citizens has unanimously agreed on defendant's guilt. Yet because of this reversal there must be still another trial.

Inherent in the majority opinion is the assumption that the 12 jurors in this case were so irresponsible and unintelligent as to be swept away by what the majority considers to be inflammatory remarks by a prosecutor.

I am a firm believer in the jury system and abhor what I perceive to be a tendency of the courts to treat jurors as persons lacking in intelligence or common sense. Anyone with any experience in the trial of criminal cases knows that jurors conscientiously perform their duties and are not prone

to convict individuals of crime on the basis of flimsy evidence simply because of statements made by the prosecuting attorney. I submit that the supposed influence on jurors of statements of attorneys or newspaper publicity or the myriad of other things of which jurors are sought to be insulated exists more in the imagination of judges than in reality.

The majority opinion here apparently attributes to the jury a considerable sophistication when they conclude that it could have been misled by the insertion of the two words "by itself" in an instruction which overall very forcefully states the law concerning the defendant's right not to testify.

A jury that attentive to the instructions and that analytical could certainly be expected to abide by the additional instructions which they were given not to consider as evidence any statement made by counsel and to base their verdict solely on the evidence received.

I see nothing particularly inflammatory about the remarks which the prosecutor made to the jury. All of her statements were factually correct. After all the prosecutor is an advocate and as such is not confined in. argument to a sterile, lack-luster recital of the evidence.

The prosecutor's reference to the instruction that a charge such as this is easily made and once made difficult to disprove was accurate and it takes very strained reasoning to view this as a circumvention of the rule of *Griffin* v. *California* [380 U.S. 609 (14 L.Ed.2d 106, 85 S.Ct. 1229)].

The majority quotes the prosecutor's statement out of context in at least one instance. True, she did commence a statement that a "child molestation case, that is 288 of the Penal Code, requires very little evidence." That statement, however, was interrupted by objection from defense counsel and was not completed. Upon resumption of argument the prosecutor expanded on her remarks to the effect that the elements of the offense were few in number and that very little touching of the child was required to constitute the offense. These statements were true and were a far cry from the interpretation placed on them by the majority, to wit, that less evidence was required to convict in this offense than in any other criminal charge.

The prosecutor's exhortation to the jury "to take Mr. Mendoza off the streets" was nothing more than a plea to the jury to render a verdict of guilty. The jury was instructed that the subject of penalty and punishment was not to be considered by them and it is to be presumed that they followed that instruction. As a practical matter I suspect that most, if not all, jurors feel that a verdict of guilty for a charge such as this will result in

incarceration. I find it very difficult to see how such a statement by the prosecutor could influence the jury's view of the evidence.

Even though the one questioned instruction was found technically to be in error in *People* v. *Vargas,* 9 Cal.3d 470 [108 Cal.Rptr. 15, 509 P.2d 959], I would further follow the Supreme Court's lead in that case by finding that error harmless beyond any reasonable doubt.

It is not a proper function of the appellate courts to reprimand attorneys for statements that might offend our sensibilities. The penalty for such reprimand here is paid not by the prosecutor but by the public. That penalty is the creation of a risk of this degenerate going unpunished not to mention the costs of retrial. Our proper function is to guard against a miscarriage of justice. No such miscarriage occurred here. I would affirm the judgment.

Respondent's petition for a hearing by the Supreme Court was denied May 1, 1974.