Filed 6/29/15  P. v. Miranda CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061531 |
| v. | (Super.Ct.No. FVA1301541) |
| RONALD CARILLO MIRANDA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION[1]

Defendant Ronald Carillo Miranda has a 30-year history of nearly 50 criminal offenses, beginning in 1985.  In 2013, a jury convicted defendant of four alcohol-related Vehicle Code violations:  felony driving under the influence (§ 23152, subd. (a), counts 1 and 3) and felony driving with a blood-alcohol level of .08 percent (§ 23152, subd. (b) (counts 2 and 4.)  The court found true the allegations that defendant had four prior convictions for driving under the influence (Veh. Code, §§ 23550 and 23550.5); a strike prior conviction (§§ 1170.12, subds. (a) through (d), and 667, subds. (d) through (i)); and a prison prior conviction (§ 667.5, subd. (b).).  The court sentenced defendant to eight years four months in prison.

On appeal, defendant challenges the admission of evidence of a prior crime in January 1995, a conviction for a crime of moral turpitude for making criminal threats in violation of section 422.  Defendant also contends the trial court abused its discretion in denying a defense motion to continue or for a mistrial.  We hold there was no error, no abuse of discretion, and no prejudice.  We affirm the judgment.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

### A.  *May 5, 2013*

At 11:46 p.m. on May 5, 2013, Rialto police officer Shaun Mooney was

---

[1] Unless stated otherwise, statutory references are to the Penal Code.

dispatched to the 500 block of South Ashford regarding a suspicious vehicle. Officer Mooney saw a Ford Taurus travelling northbound on the south side of the street with its headlights off. Officer Mooney conducted a traffic stop. Defendant, the driver, displayed symptoms of being under the influence of alcohol. A female passenger, Mary Burnett (or Barnett), was the registered owner of the Taurus.

Another officer, Fred Poching, responded to the scene. Defendant had red, watery eyes and the odor of alcohol on his breath. Officer Poching administered field sobriety tests and concluded defendant was under the influence of alcohol. He arrested defendant and a blood draw was performed at 1:09 a.m. The blood sample contained .22 percent alcohol.

*B. July 9, 2013*

At 8:44 p.m. on July 9, 2013, San Bernardino County Sheriff's Deputy, Jacquelyn Haynie, responded to a call about a driver at a minimart driving under the influence (DUI) on South Riverside Avenue in Rialto. Deputy Haynie saw defendant driving a Ford Taurus toward the South Riverside Avenue exit of the parking lot. Deputy Haynie made a traffic stop. A woman was in the passenger seat of the Taurus.

The deputy smelled alcohol on defendant's breath and asked him whether he had been drinking. Defendant responded, "So what if I have? I'm not drunk." The deputy had to grab defendant to prevent him from falling out of the car. Defendant said he could not perform the field sobriety tests. The deputy arrested defendant and found an open beer in the car. A blood draw was performed at 9:15 p.m. The blood sample contained .26 percent alcohol.

3

*C. Defense Evidence*

Tina Lonchar, defendant's parents' neighbor, testified she exchanged waves with defendant when he was a passenger in a car driven by someone else at approximately 11:00 p.m. on May 5, 2013.

Defendant also testified that, on May 5, 2013, he was not driving a vehicle. When the police made contact with him in the cul-de-sac where his parents live, his girlfriend, Mary Barnett, had been driving. Defendant was already outside the car, talking to Barnett next to the driver's side.

At approximately 9:00 p.m. on July 9, 2013, Barnett drove the car to a gas station and minimart and got into a confrontation with another driver who was using the pump. When Deputy Haynie arrived, defendant was leaving the store after purchasing lottery tickets and gas. Defendant told the deputy he was waiting to pump gas for his girlfriend. He claimed Haynie lied when she testified defendant had been driving.

III

THE 1995 CONVICTION

Defendant contends the trial court should not have admitted evidence of his 1995 conviction for criminal threats because the conviction was too remote in time. The court determined that criminal threats, a violation of section 422, was an offense involving moral turpitude. The court weighed the prejudice against the probative value and ruled the conviction could be admitted as impeachment evidence. Defense counsel never objected to the criminal threats conviction or proposed the conviction was too remote to be relevant.

4

During direct examination, defense counsel elicited defendant's admission that he had suffered a felony conviction in 1995 for making criminal threats. The prosecutor did not question defendant about any previous conviction. After both parties rested, the trial judge explained to the attorneys that one reason he "allowed such an old prior in [was] because it wasn't an aberration of something in the distant past but, rather, something that is revived every time he commits another crime." The trial court invited the deputy district attorney to state on the record a list of some of defendant's many previous convictions: stalking in 1995 (§ 646.9); parole violations in 1996, 1997, 1998, and 2000; a misdemeanor assault conviction in 2000 (§ 240); misdemeanor convictions for violating a court order and threatening phone calls in 2004 (§§ 166 and 653); a felony stalking conviction in 2004 (§ 646.9);[2] five DUI convictions in 2003, 2007, and 2012 (Veh. Code, § 23152).[3]

Based on CALCRIM No. 316, the jury was instructed: "If you find that a witness has been convicted of a felony, you may consider that fact only in evaluating the credibility of the witness's testimony. The fact of a conviction does not necessarily

[2] There appears to be confusion in the record about whether defendant has a conviction dated September 28, 2004, for felony stalking based on conduct occurring on April 2, 2004, or whether the felony stalking conviction was dated March 3, 2005. We use the 2004 date from the probation report.

[3] According to the more comprehensive probation report not available at the time of trial, defendant violated parole on his 1995 stalking conviction eight times. In 2000, he had a misdemeanor assault with a deadly weapon conviction. In 2001, he had a misdemeanor criminal threats conviction and, in 2004, a felony stalking conviction. He had misdemeanor convictions for disobeying a court order in 2002 and in 2004. In addition to his DUI convictions, he had 28 convictions for disorderly conduct between 2000 and 2011.

destroy or impair a witness's credibility.  It is up to you [to] decide the weight of that fact and whether that fact makes the witness less believable."

Because defendant did not object to the admission of the conviction at trial, he is precluded from raising this issue on appeal.  (*People v. Hines* (1997) 15 Cal.4th 997, 1030.)  However, even if defendant had preserved the issue, the trial court has broad discretion to admit evidence of prior convictions of moral turpitude to impeach a witness.  (*People v. Robinson* (2005) 37 Cal.4th 592, 626; *People v. Lewis* (2001) 26 Cal.4th 334, 372-373.)  Abuse of discretion occurs only when a trial court exceeds the bounds of reason.  (*People v. Chavez* (2000) 84 Cal.App.4th 25, 30.)

In exercising its discretion, a trial court considers four factors:  "(1) whether the prior conviction reflects adversely on an individual's honesty or veracity; (2) the nearness or remoteness in time of a prior conviction; (3) whether the prior conviction is for the same or substantially similar conduct to the charged offense; and (4) what the effect will be if the defendant does not testify out of fear of being prejudiced because of the impeachment by prior convictions."  (*People v. Mendoza* (2000) 78 Cal.App.4th 918, 925, citing *People v. Beagle* (1972) 6 Cal.3d 441, 453.)

Where the defendant has a significant criminal history, a remote prior conviction may still be used for impeachment:  "Even a fairly remote prior conviction is admissible if the defendant has not led a legally blameless life since the time of the remote prior."  (*People v. Mendoza, supra,* 78 Cal.App.4th at pp. 925-926; *People v. Green* (1995) 34 Cal.App.4th 165, 183.)  When a defendant's 20-year-old prior conviction was followed by five additional convictions, the appellate court reasoned that the "systematic

6

occurrence" of the defendant's prior convictions over a 20-year period was a pattern relevant to his credibility. (*People v. Green, supra*, 34 Cal.App.4th at p. 183.)

Similarly here, defendant's 1995 conviction for making criminal threats was followed by continuous criminal conduct, including a 2004 or 2005 felony stalking conviction. In view of defendant's multiple criminal convictions between 1995 and the trial in 2013, the remoteness of the prior conviction does not justify barring its use. The trial court's ruling was not an abuse of discretion.

Furthermore, any error was harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836; *People v. Collins* (1986) 42 Cal.3d 378, 390-391, & fn. 12.) Two law enforcement officers witnessed defendant driving while under the influence on different occasions. Defendant did not offer any contradictory testimony from his girlfriend, only his own self-serving claims he was not driving. The jury was instructed on the limited purpose of the evidence of the prior conviction. (*People v. Cain* (1995) 10 Cal.4th 1, 34.) Even if defendant had not been impeached, it is not reasonably probable he would have received a more favorable result.

IV

MOTION TO CONTINUE OR FOR MISTRIAL

Defendant's second issue on appeal is his claim the trial court abused its discretion after a defense witness, Shante Taylor, refused to appear at trial. The trial court issued a bench warrant and delayed the trial for two days midtrial to allow the defense to produce Taylor. Ultimately, the trial court denied defendant's request for an additional

7

continuance of the trial and denied his motion for a mistrial. We hold it was not an abuse of discretion to deny defendant's motions.

The trial began on Tuesday, November 26, 2013, and was continued to Monday, December 2. On the third day of trial, Tuesday, December 3, two prosecution witnesses testified. On the morning of Wednesday, December 4, the prosecution presented two more witnesses and then rested its case. Defense counsel told the court that Taylor had not responded to a phone call and a defense investigator was warned to leave the premises by a man answering the door at Taylor's home. The court issued a bench warrant for Taylor. The court warned defense counsel it would not wait very long for Taylor to appear if she was uncooperative and did not want to testify. The court stated, "So I'm not going to wait forever for her to be found. The trial, in my mind, would proceed at some point within reason." The court also stated that it was not inclined to grant a mistrial, as defendant had refused to waive time, placing defense counsel in a difficult position. The trial was continued until 11:00 a.m. the next day, in anticipation of Lonchar's testimony.

On the morning of Thursday, December 5, defense counsel had no witnesses available but Lonchar was available to testify on Monday, December 9, so the trial was recessed until that day. After Lonchar testified, defense counsel moved to continue the trial to obtain Taylor's testimony. Defense counsel made an offer of proof that Taylor would testify that, on May 5, 2013, she called the police because a car was parked at the end of the cul-de-sac and it never moved before the police arrived. The court responded that it had already granted a reasonable continuance and "We can be here in perpetuity

8

until she comes to court." The court denied an additional continuance and defendant's motion for a mistrial.

We review the denial of a motion for a continuance for an abuse of discretion. (*People v. Riccardi* (2012) 54 Cal.4th 758, 834; *People v. Seaton* (2001) 26 Cal.4th 598, 660.) A party must establish "he had exercised due diligence to secure a witness's attendance, that the witness's expected testimony was material and not cumulative, that the testimony could be obtained within a reasonable time, and that the facts to which the witness would testify could not otherwise be proven." (*People v. Howard* (1992) 1 Ca1.4th 1132, 1171.) The court considers the burdens and benefits caused by a continuance and "'whether substantial justice will be accomplished or defeated by a granting of the motion.'" (*People v. Zapien* (1993) 4 Cal.4th 929, 972, citing *People v. Laursen* (1972) 8 Cal.3d 192, 204.) In deciding whether to grant or deny a request for continuance, particularly in the middle of trial, it must be shown the evidence can be obtained within a reasonable time. (*People v. Beeler* (1995) 9 Cal.4th 953, 638.) It is not an abuse of discretion to deny a continuance when it is uncertain when, if ever, a witness will appear. (*Laursen,* at p. 204; *Howard,* at pp. 1170-1171; *People v. Mendoza* (1974) 37 Cal.App.3d 717, 722.)

Here the defense failed to establish sufficient diligence or that a continuance would secure Taylor's attendance. Defense counsel did not ask for a bench warrant until eight calendar days after the trial began. On Wednesday morning, December 4, midway through the prosecution's case, defense counsel raised the issue of Taylor's uncooperativeness and requested a bench warrant, which the trial court issued. The trial

9

eventually was continued until Monday, December 9. The record does not reflect that defense counsel made any additional efforts to secure Taylor's attendance, including by serving the warrant. As of December 9, the jurors had been serving since November 26, the day jury selection began. Furthermore, there was no indication when Taylor would appear even if the trial was continued. No progress was made in the five calendar days the court delayed the trial. Under these circumstances, the trial court acted within its discretion in denying the request for another continuance midtrial.

Denial of a defendant's request for a mistrial is also reviewed under an abuse of discretion standard. (*People v. Montes* (2014) 58 Cal.4th 809, 884.) As described above, defendant did not exercise due diligence in securing Taylor's appearance. Given the offer of proof by defense counsel, Taylor's testimony would not have changed the result of the trial. Although Taylor purportedly would have testified defendant's vehicle was stopped during the relevant time period, two law officers testified defendant was driving the car with a female passenger. Lonchar testified defendant was a passenger in the car. Defendant testified his girlfriend was driving. The jury rejected defendant and Lonchar's testimony and found defendant was driving. Taylor's testimony would not have added to the defense, especially because defendant used the identical defense that his girlfriend was driving the car on July 9, 2013—also directly contrary to a police officer's testimony—which the jury rejected. The trial court did not abuse its discretion in denying the mistrial motion.

V

DISPOSITION

The trial court properly admitted evidence of the 1995 conviction for a crime of moral turpitude. The trial court did not abuse its discretion in denying the defense motion to continue or for a mistrial. We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.

11